## EDWARD ZAHN
*vs.*
## JOSEPH A. D'ERRICO ET AL.

Superior Court          New Haven County          File No. 62794

MEMORANDUM FILED MARCH 16, 1943.

*Alfred E. DeCapua,* of New Haven, for the Plaintiff.

*Maresca & Maresca,* of New Haven, for the Defendants.

Memorandum of decision in action for battery.

WYNNE, J.  The defendant showed in court that he has

a quick temper. Neither the place nor the occasion prevented a hot-headed outburst when the plaintiff was testifying. This makes it easy to believe that he was not a passive, nor a docile creature when the plaintiff was taking down the number of the automobile in which the defendant and the owner were parked on the evening of the fracas. The time, the place, the circumstances all give verity to the story that the plaintiff's wife was accosted by the two men. And the reaction of the plaintiff in taking down the number of the car was not the action of a stupid, stumbling drunk. The court feels that the occurrence was about as related by the plaintiff, his wife, and his witnesses. It may be that the defendant actually struck no blow. The court is inclined to believe that he did not. Apparently at the time he talked with one of the officers before he pleaded guilty to breach of the peace in the City Court, he asserted that he did not strike the complainant even when finally admitting he was the one involved in the street brawl. It can hardly be said that he was not party to the assault, and thereby shares responsibility for the battery. He and D'Errico were too closely involved to be now separated as to ultimate responsibility. This defendant was one of a pair that fled, leaving a man unconscious in the gutter. This conduct is quite at variance with his present story that his concern that night was to get a stupid, drunken fool out of the street and out of danger. The court feels that the defendant at least now believes he did not hit the plaintiff, but as the court views the situation this makes a difference in degree only. It is unfortunate that the court does not know what was paid by D'Errico for the covenant not to sue. The defendant is entitled at least to credit for what may have been paid as compensation for the injury so far as special damages go even though the tort-feasors are joint. The court is justified in assuming that the special damages have been paid. For general damages, including the item of the punitive, plaintiff's claim against the defendant is assessed at $150, and for this sum judgment is entered in his favor against the defendant La Vorgna.